# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

KELLY SERVICES, INC.,

    Plaintiff,

v.

    Case No. 08-11934

    Hon. Lawrence P. Zatkoff

RODERICK BUGAWAN,

    Defendant.

_____/

## TEMPORARY RESTRAINING ORDER

AT A SESSION of said Court, held in the
Federal Building, in the City of Port Huron,
State of Michigan, on the 9th day of May, 2008

PRESENT:    THE HONORABLE LAWRENCE P. ZATKOFF
                  UNITED STATES DISTRICT JUDGE

The Court having reviewed Plaintiff Kelly Services, Inc.'s (Kelly) Verified Complaint, Motion for Temporary Restraining Order and Preliminary Injunction, and Brief in Support thereof, and the Court being otherwise duly advised in the premises and the requirements of Rule 65(b) of the Federal Rules of Civil Procedure, finds as follows:

(1) Based on the evidence presented, it clearly appears from the specific facts shown by the Verified Complaint that Kelly has a substantial likelihood of success on the merits and that immediate and irreparable injury, loss or damage will result to Kelly should this Temporary Restraining Order not issue. Further, such harm will result before Defendant can be heard in opposition to this motion.

(2) The irreparable harm to Kelly if a Temporary Restraining Order is denied outweighs the harm to Defendant if it is granted. Kelly stands to lose its employees, clients and customers, confidential, proprietary and trade secret information, the goodwill and referral business of its clients and customers, and revenues in an amount that cannot be readily ascertained. Kelly is also faced with the substantial risk that Defendant will unlawfully use Kelly's client and customer information and trade secrets to Kelly's competitive disadvantage. Such anticipated losses constitute irreparable harm in that they are so indefinite and speculative as to be incapable of exact proof.

(3) The public interest in protecting confidential information and preserving the status quo justifies issuance of this Order. Accordingly,

**IT IS ORDERED** that Kelly's Motion for a Temporary Restraining Order is **GRANTED**, and that Defendant shall appear before this Court, located at 526 Water St., Port Huron, Michigan, on Tuesday, May 29, 2008, at 10:00 a.m. for a hearing on Kelly's Motion for a Preliminary Injunction.

**IT IS FURTHER ORDERED THAT:**

(1) Defendant is temporarily enjoined, directly or indirectly:

(a) From working for, or acting as, an employee, partner, stockholder, investor, owner, director, agent, or consultant for a competitor of Kelly, specifically Kelly's Scientific Resources division (KSR), including, but not limited to, Clinical Resource Network, within Contra Costa, Alameda, and San Joaquin Counties, California, until further order of the Court;

(b) From soliciting or performing services for any KSR customer and client for a competing business, including, but not limited to, Clinical Resource Network, until further order of the Court;

(c) From soliciting or being involved in the recruitment or hire of any KSR employee or recruiting candidate for a competing business, including, but not limited to, Clinical Resource Network, until further order of the Court;

(d) From ever using or disclosing any of KSR's confidential, proprietary or trade secret information or property; and

(e) From breaching any fiduciary obligation and duties of loyalty to KSR, including but not limited to, appropriating any business opportunity of KSR, engaging in deceptive acts or statements with regard to KSR's abilities, experiences and personnel, or otherwise attempting to gain unfair advantage in the employee leasing and staffing business.

(2) Defendant Bugawan shall immediately return all KSR property to Kelly, including all originals and copies of tangible property, proprietary documents, trade secrets, confidential information, discs, notes, client files, client information, employment information, business development information, requests for proposals, requests for bids, client correspondence, meeting minutes, notes of site visits, marketing data, prospect meeting data, proposals, faxes, financial information, pricing, contracts, marketing brochures, marketing database, marketing plans, costs, customer lists, customer information, internal weaknesses, prospect lists, client lists, employee lists, alliance relationships, competitive bid information, client contact lists, sales leads, prospective employee lists, business plans, profit, margin, and forecasting information, strategic planning, project costs, and any other KSR data kept in any form or media whatsoever.

(3) Defendant shall preserve all evidence, including hard copies, electronic, computer or any other format, which in any way relates to the claims made in this case.

(4) Kelly is required to post a bond (or surety bond) in the amount of $50,000 by 5:00 p.m. on May 13, 2008. The effectiveness of this Order is contingent on the posting of said bond. If said bond is not posted by 5:00 p.m. on May 13, 2008, this Order shall never go into effect, and Kelly must re-apply for a Temporary Restraining Order.

(5) A copy of this Order and Notice of Hearing on Kelly's Motion for Preliminary Injunction must be served on Defendant on or before 5:00 p.m. on May 13, 2008.

(6) This Order is being issued on May 9, 2008, at 10:00 a.m. in Port Huron, Michigan.

(7) This Order shall remain in effect until May 29, 2008, or until further order of the Court.

**IT IS SO ORDERED.**

                                        s/Lawrence P. Zatkoff
                                        LAWRENCE P. ZATKOFF
DATE: May 9, 2008                  UNITED STATES DISTRICT JUDGE